NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Action No. 21-429 (CCC) |
| v. | |
| GUILLERMO ESTRADA, JR., | **OPINION** |
| Defendant. | |

**CECCHI**, District Judge.

Presently before the Court is Guillermo Estrada, Jr.'s ("Estrada") motion to dismiss the indictment, pursuant to Federal Rule of Criminal Procedure 12(b). ECF No. 24. The Government filed a brief in opposition. ECF No. 26. The Court has considered all of the papers and exhibits before it. For the reasons expressed below, Estrada's motion is denied.

### I.    BACKGROUND[1]

On February 10, 2020, around 3:00 p.m., officers with the United States Marshals Service arrived at Dickerson Grocery, a grocery store in Newark, New Jersey, to execute an arrest warrant naming Estrada. ECF No. 26-1 at 1. After arriving at the store, some officers established an exterior perimeter to prevent Estrada from escaping, while others entered the store to arrest Estrada. *Id*. Victim-1 and Officer Blackwell were positioned outside, at the front of the store as part of the perimeter. *Id.*

While stationed at the front of the store, Victim-1 watched as Estrada resisted arrest by flailing his arms and lowering his body weight in an attempt to avoid being handcuffed. *Id.* Because

---

[1] The following factual recitation is taken from the United States Marshals Service's investigative report of Estrada's arrest. ECF No. 26-1.

1

the officers in the store were struggling to take Estrada into custody, Victim-1 and Officer Blackwell entered the store to assist with the arrest. *Id.* As officers tried to restrain Estrada, Estrada stated that he "was not getting arrested and that [the officers had] the wrong person." *Id*. To prevent Estrada from fleeing or assaulting the officer trying place him in handcuffs, Victim-1 grabbed Estrada. *Id.* at 1–2. As the struggle continued, Estrada and the officers fell to the ground, and in the fall, Estrada fell on Victim-1's knee, causing Victim-1 to suffer a torn meniscus. *Id*. at 2.

On March 5, 2020, Deputy U.S. Marshal William Uhler returned to Dickerson Grocery to interview the store's owner. *Id.* at 3. During the interview, the store owner informed Officer Uhler that while the store had a video security system, it automatically deleted footage after storing it for two weeks. *Id.* As approximately three weeks had elapsed between the incident and when Officer Uhler returned to Dickerson Grocery, the system had already deleted any possible footage of Estrada's arrest. *Id*. The store owner also told Officer Uhler that he had not personally seen the arrest or a video of the arrest, and was not aware that any recording of the incident existed. *Id*.

On May 24, 2021, a federal grand jury returned an indictment, charging Estrada with one count of assaulting, resisting, or impeding certain officers or employees, in violation of 18 U.S.C § 111(a)(1). ECF No. 18. On June 2, 2021, Estrada was arraigned and entered a plea of not guilty to the one-count indictment. ECF No. 19. Thereafter, Estrada filed this motion to dismiss the indictment, pursuant to Federal Rule of Criminal Procedure 12(b) (ECF No. 24), to which the Government replied (ECF No. 26).

## II.     MOTION TO DISMISS THE INDICTMENT

Estrada first argues that the indictment should be dismissed because the Government violated its obligations to provide the defense with material evidence under *Brady v. Maryland*, 373 U.S. 83 (1963) by failing to timely retrieve and preserve Dickerson Grocery's surveillance

2

footage of the incident. ECF No. 24 at 1–2. Second, Estrada argues that the indictment should be dismissed because the Government further violated its disclosure obligations under *Brady* and under Federal Rule of Criminal Procedure 16 by refusing to provide Estrada with Victim-1's medical records and by refusing Estrada's request that an expert perform an independent medical examination of Victim-1. *Id*. at 3.

In opposition, the Government argues that dismissal of the indictment is unwarranted. First, the Government argues that it never was in possession of the video because it was automatically destroyed by Dickerson Grocery's surveillance system before the Government could access it, and thus no *Brady* violation has occurred. ECF No. 26 at 2–3. Second, the Government contends that it has complied with its disclosure requirements under Rule 16, including providing Estrada with Victim-1's medical records, and will continue to do so. *Id.* at 3. Such compliance, the Government submits, renders Estrada's argument regarding Victim-1's medical records moot. *Id*. Third, the Government asserts that it has no obligation to allow Estrada to perform an independent medical examination of Victim-1 under Rule 16, and, accordingly, it has not committed a discovery violation to justify dismissal of the indictment by refusing Estrada's request. *Id*.

As discussed further below, the Court finds that: (1) the Government did not commit a *Brady* violation by failing to retrieve the recording of the incident before it was deleted; (2) Estrada's request for disclosure of Victim-1's medical records is moot; and (3) the Government has not violated Rule 16 by refusing Estrada's request for an independent medical examination of Victim-1. Accordingly, Estrada's motion to dismiss the indictment is denied.

1. *Brady* Violation

"To establish a *Brady* violation requiring relief, a defendant must show that "(1) the government withheld evidence, either willfully or inadvertently; (2) the evidence was favorable,

3

either because it was exculpatory or of impeachment value; and (3) the withheld evidence was material." *United States v. Walker*, 657 F.3d 160, 185 (3d Cir. 2011) (internal quotations omitted). Evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* (internal citations and quotations omitted); *see also United States v. Bagley*, 473 U.S. 667, 682 (1985). Moreover, a true *Brady* violation requires a showing of prejudice to the defendant. *See United States v. Brown*, 595 F.3d 498, 509 n.14 (3d Cir. 2010); *see also Strickler v. Greene*, 527 U.S. 263, 281–82 (1999).

Estrada has not demonstrated that a *Brady* violation has occurred. The Government never was in possession of surveillance footage from Dickerson Grocery (ECF No. 26 at 3), so, accordingly, the Government did not withhold any such evidence from Estrada. Further, the Government did not prejudice Estrada by failing to preserve the surveillance video. Indeed, the Government took steps to retrieve the recording. ECF No. 26-1 at 3. Officer Uhler visited the store after the incident to recover the tapes, and upon learning from the store owner that the surveillance system had automatically deleted the relevant footage, Officer Uhler attempted to identify potential witnesses or other recordings, like cell phone videos, that may have captured the event. *See McCargo v. Costello*, 235 F. Supp. 2d 173, 176 (E.D.N.Y. 2002) (finding no *Brady* violation where police attempted to collect surveillance video evidence after the system deleted the recording); *see also Crawford v. Davenport*, No. 12-cv-923, 2015 WL 4461408, at *12 (M.D. Ala. Aug. 5, 2015).

Estrada also fails to demonstrate that the surveillance footage is favorable or material. As neither the Government nor Estrada ever viewed the video, Estrada's argument is built on the assumption that the surveillance tapes must be favorable or material. However, it is also possible that the footage was grainy, did not capture the incident, or the surveillance system otherwise

malfunctioned. *See United States v. Prater*, No. 10-cr-14, 2011 WL 824475, at *3 (S.D. Miss. Mar. 2, 2011).

Finally, to the extent Estrada argues that the Government's decision to not collect the surveillance tapes immediately after the arrest calls the Government's "entire account of the incident" into question, this general challenge to the Government's case strategy is unavailing. Estrada will have the opportunity to test the credibility of the Government's account of the incident and to probe its actions during the subsequent investigation at trial. *See United States v. Jarmon*, 14 F.4th 268, 274 (3d Cir. 2021) ("It [is] the jury's prerogative to assess . . . credibility.").

Accordingly, Estrada has not established that the Government committed a *Brady* violation by failing to collect surveillance video from Dickerson Grocery, and, as a result, dismissal of the indictment is not warranted on these grounds.

2. Estrada's Request for Victim-1's Medical Records

The Government represents that, on or about October 26, 2020, it provided Estrada with all medical records then in its possession, including records indicating Victim-1 suffered a torn meniscus. ECF No. 26 at 3. The Government subsequently provided Estrada with additional relevant medical records obtained after its initial disclosure in October 2020, and it has represented that it will continue to comply with its disclosure obligations. *Id.* Thus, Estrada's argument regarding Victim-1's medical records as grounds to dismiss the indictment is denied as moot. *See United States v. Baer*, No. 15-cr-417, 2018 WL 2148880, at *2 (D.N.J. May 10, 2018); *United States v. Danton*, No. 95-cr-635, 1996 WL 729848, at *4 (E.D. Pa. Dec. 11, 1996).

3. Estrada's Request for an Independent Medical Examination

Pursuant to Federal Rule of Criminal Procedure 16, the Government must produce to the defendant: "(1) documents within the government's possession, custody, or control when the item

is material to preparing the defense or the government intends to use the item in its case-in-chief at trial; [and] (2) reports of examinations and tests if the item is within the government's possession, custody, or control, government counsel knows or through due diligence could have known the item exists, and the item is material to preparing the defense or the government intends to use the item in its case-in-chief." *United States v. Roberts*, 419 F. App'x 155, 159 (3d Cir. 2011) (citing Fed. R. Crim. P. 16).

For evidence to be material pursuant to Rule 16, there must be a "strong indication that [the evidence] will play an important role in uncovering admissible evidence, aiding witness preparation, . . . or assisting impeachment or rebuttal." *United States v. Graham*, 83 F.3d 1466, 1474 (D.C. Cir. 1996) (first alternation added) (citation omitted). The defendant holds the burden to demonstrate that evidence is material. *See United States v. King*, No. 19-cr-257, 2021 WL 4441514, at *2 (D. Colo. Sept. 28, 2021); *see also United States v. Philip*, 948 F.2d 241, 250 (6th Cir. 1991). To meet his burden, the defendant must make a specific request for a piece of evidence together with an explanation of how it will be "helpful to the defense," meaning "relevant to the preparation of the defense." *United States v. Jordan*, 316 F.3d 1215, 1250 (11th Cir. 2003) (citing *United States v. Marshall*, 132 F.3d 63, 67–68 (D.C. Cir. 1998)).

Here, Defendant seeks an independent medical examination, which is not a document or an expert report within the government's possession. Thus, Rule 16 does not compel the Government to accede to Estrada's request for an independent medical examination of Victim-1. However, even if the request is covered by Rule 16's broad mandate, *see King*, 2021 WL 4441514, at *2, Estrada fails to demonstrate that the requested evidence is material. Estrada contends that an independent medical exam "could exonerate the Defendant," and is thus material to his defense. ECF No. 24 at 3. However, conclusory assertions such as these do not satisfy Estrada's burden to

6

establish materiality. *See Jordan*, 316 F.3d at 1250 (finding that "a conclusory argument that the requested item is material to the defense" will not suffice). Further, separate from this deficiency, Estrada's own argument belies the importance of the requested evidence. As he explains, the basis for his request is to determine whether Victim-1 suffered his injury due to a preexisting condition, which an expert could determine by looking at Victim-1's medical records. ECF No. 24 at 3. As discussed above, the Government has already provided Estrada with all medical records in its possession for Victim-1. Given Estrada has information regarding Victim-1's injury, an independent medical examination is immaterial as it would not play an important role in Estrada's defense. Accordingly, even assuming Estrada's request is covered under Rule 16, the Government committed no disclosure violation by refusing to allow Estrada to conduct an independent medical examination, and thus dismissal of the indictment on such grounds is unwarranted.

### III.   CONCLUSION

For the aforementioned reasons, the Court hereby denies Estrada's motion to dismiss the indictment. An appropriate Order follows this Opinion.

**DATE**: February 14, 2022

s/ Claire C. Cecchi<br>**CLAIRE C. CECCHI, U.S.D.J.**